UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | Chapter 11, No. 20-30606-EDK |
| | ) | |
| SHELTON BROTHERS, INC. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**EMERGENCY MOTION FOR INTERIM AND FINAL USE OF CASH COLLATERAL**

To the HONORABLE ELIZABETH D. KATZ, Bankruptcy Judge:

Now comes SHELTON BROTHERS, INC. (the "Debtor"), the Debtor in the above-captioned matter, and it does hereby move this Court, pursuant to 11 U.S.C. §§ 105(a), 361, 363, and 364(c), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-2 of Massachusetts Local Bankruptcy Rules ("MLBR"), for the entry of an Order:  (i) authorizing the interim use of cash collateral; (ii) scheduling a further hearing on the final use of cash collateral; and (iii) authorizing the final use of cash collateral.  In support of this Motion, the Debtor represents as follows:

<u>BACKGROUND</u>

1.      On December 18, 2020 ("Petition Date"), the Debtor filed a Voluntary Petition under the provisions of Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court").

2.      Pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code, the Debtor has continued to operate its business and manage its business affairs as a Debtor-in-Possession.  No Trustee or Examiner has been requested or appointed.

3.      Founded in 1996, the Debtor is an international beer importer and distributor based out of Belchertown, Massachusetts.  It currently has approximately six (6) employees. Historically, the Debtor has generated approximately $17 million a year in sales.

1

4.      The filing of the Debtor's bankruptcy case was precipitated by a series of events. Over the last six years, the Debtor was engaged in litigation with a competitor that, ultimately, culminated in a judgment being entered against the Debtor in the amount of $2,129,515.98. Then, during 2020, many of the Debtor's customers were forced to shut down or dramatically reduce their purchases due to the Covid-19 pandemic.  This resulted the Debtor experiencing a default under its loan documents.  These circumstances necessitate Chapter 11 relief.

5.      As of the Petition Date, the principal assets of the business consisted of cash in the approximate amount of $3,543.00, accounts receivable in the approximate amount of $1,960,035.00, inventory having an approximate value of $2,173,837.00.

6.      As of the Petition Date, RNSS, LLC holds a secured claim in the approximate amount of $2,558,516.79.00.

7.      Unsecured debt is estimated to be approximately $4,015,440.92.

JURISDICTION

8.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

SUMMARY OF RELIEF REQUESTED

9.      The Debtor seeks authorization to use "Cash Collateral" as defined in § 363(a) of the Bankruptcy Code. Pursuant to Rule 4001(b)(1)(B) of the Federal Rules of Bankruptcy Procedure, the Debtor represents as follows:

a)      <u>Parties Claiming an Interest in Cash Collateral</u>.

On or about October 23, 2014, the Debtor entered into a financing transaction with Hampden Bank whereby Hampden Bank loaned the Debtor the total sum of

2

$2,500,000.00 pursuant to a Loan and Security Agreement and other loan documents. The Loan and Security Agreement granted Hampden Bank a security interest in all of the Debtor's assets including, but not limited to, all accounts, accounts receivable, inventory, general intangibles, equipment, deposit accounts, and their proceeds (collectively the "Collateral").

RNSS, LLC ("RNSS") is the successor in interest to Hampden Bank under the Loan and Security Agreement. RNSS appears to hold a first-priority security interest in the Collateral.

There is currently one (1) outstanding secured loan due to RNSS in the amount of $2,558,516.79 (collectively the "Pre-Petition Obligations"). The total balance due on account of the Pre-Petition Obligations, is approximately $2,558,516.79. RNSS is fully secured.

b)    Purposes for Use of Cash Collateral.  The Debtor requires the use of cash collateral to continue its business operations uninterrupted. The Debtor intends to use the cash collateral to pay employees, to purchase supplies, to pay service providers, to pay administrative expenses incurred by the Debtor's Bankruptcy Estate, to acquire inventory, and to pay other ongoing usual and necessary expenses incurred in the day-to-day operation of the business. The Debtor seeks authority to use certain assets of the Debtor that may constitute cash collateral substantially in accordance with the Budget annexed hereto as Exhibit "A".

c)    Material Terms of Use of Cash Collateral; Duration.  The Debtor seeks authorization to use cash collateral during the term of any Interim Order that may be entered in connection with this Motion and during the term of the Chapter 11 case upon the entry of any Final Order on this Motion.

d)    Liens and Cash Payments to be Provided.  RNSS will be granted a replacement lien in all post-petition property of the Debtor, of the same nature, to the same extent, and with the same priority as the lien existing as of the Petition Date ("Post-Petition Liens"). In addition, the Debtor proposes to make monthly payments to RNSS, in the amount of $16,631 ("Post-Petition

3

Payments").

e)  _Adequate Protection_.  RNSS will be adequately protected from the Debtor's use of cash collateral in that the Post-Petition Liens and Post-Petition Payments prevent the diminution in value of RNSS's interest in its collateral.  11 U.S.C. § 361; In re Mullen, 172 B.R. 473, 476 (Bankr. D. Mass. 1994).   The Debtor's proposed use of cash collateral balances the parties' interests while "achieving the paramount goal of debtor rehabilitation."  Nat'l Promoters & Servs., 2013 Bankr. LEXIS 4267 at *6 (Bankr. D.P.R. Oct. 9, 2013).

RELIEF REQUESTED

10.  By this Motion, and pursuant to § 363 of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Massachusetts Local Bankruptcy Rules, the Debtor requests the use of cash collateral.

11.  The Debtor requires the immediate use of cash collateral to fund operational and administrative expenses.  Absent the use of cash collateral, the Debtor will be forced to cease operations, destroying the going concern value of the Debtor's business to the detriment of the Debtor, its Estate, and its creditors.

12.  Use of the cash collateral is, therefore, critical to preserve and maintain the Debtor's Estate, and to promote a successful reorganization of this Chapter 11 bankruptcy case. Granting the requested relief, therefore, is necessary to prevent immediate and irreparable harm to the Debtor, its Estate, RNSS, and the Debtor's employees.

13.  Section 363(e) of the Bankruptcy Code provides, in relevant part, that the use of property subject to a security interest shall not be permitted unless the secured creditor consents or the secured interest in such property is adequately protected.  11 U.S.C. § 363(e).

14.  In the event that RNSS fails to consent to the entry of an Order authorizing the use of cash collateral, the Debtor submits that RNSS enjoys an equity cushion that constitutes "adequate protection" of their interest in the Collateral because the estimated value of the Collateral exceeds the total amount due on account of the secured claims.

4

15.     The Debtor also submits that RNSS's interest in the Collateral will be adequately protected by the granting of the Post-Petition Liens and the entry of an Order authorizing and directing the Debtor to make the Post-Petition Payments as set forth in Paragraph 9(d) above.

16.     The Debtor says that the Budget, Exhibit "A", demonstrates that income generated by the Debtor's continued operation of the business will generate sufficient cash flow to pay the accruing obligations, including operational and administrative expenses.

<u>NOTICE</u>

18.  Pursuant to MLBR 4001-2, notice of this Motion has been given to:  (i) RNSS; (ii) Kevin Gerow, Esq., of Christopoulos Law Group, LLC, counsel to RNSS; (iii) taxing authorities; (iv) the largest twenty (20) unsecured creditors; (v) all creditors having requested notice pursuant to Rule 2002; and (vi) the Office of the United States Trustee.

19.     The Debtor requests that the Bankruptcy Court schedule a final hearing on this Motion ("Final Hearing") and deem service of notice of such Final Hearing by serving a copy of the Interim Order providing for the use of cash collateral and a Notice of Final Hearing to: (i) RNSS; (ii) Kevin Gerow, Esq., of Christopoulos Law Group, LLC, counsel to RNSS; (iii) taxing authorities; (iv) the largest twenty (20) unsecured creditors; (v) all creditors having requested notice pursuant to Rule 2002; (vi) the Office of the United States Trustee; and (vii) the Chapter 11 trustee appointed pursuant to § 1183 of the Bankruptcy Code, to be sufficient notice under Rule 4001 of the Federal Rules of Bankruptcy Procedure.

<u>EMERGENCY DETERMINATION REQUESTED</u>

20.     The Debtor requests that a hearing on this Motion be scheduled as soon as possible, and not later than December 28, 2020, because the use of cash is essential to avoid immediate and irreparable harm to the Debtor, its employees, and its customers.  Specifically, the Debtor says that it requires the immediate use of cash to pay weekly payroll, insurances, and expenses related to preserving its inventory.

21.     The Debtor represents that emergency determination of this Motion is necessary: (i) to avoid immediate and irreparable harm to the Estate; (ii) to permit the Debtor to continue its operations; (iii) to preserve the value of the Debtor's assets for the benefit of the Estate, its creditors, and other parties-in-interest; (iv) to prevent any unnecessary diminution in value of the Debtor's Estate.

WHEREFORE, the Debtor respectfully requests the entry of the attached Interim Order: i) authorizing the interim use of cash collateral; ii) scheduling a Final Hearing on this Motion, prescribing the form and manner of the Notice of the final hearing authorizing the use of cash collateral; and iii) providing such other and further relief as the Court deems just and proper.

SHELTON BROTHERS, INC.

Dated:  December 22, 2020

By: /s/ Andrea M. O'Connor
ANDREA M. O'CONNOR, ESQ.
MA No. 679540
For FITZGERALD ATTORNEYS AT LAW, P.C.
46 Center Square
East Longmeadow, MA 01028
Tel. (413) 486-1110
amo@fitzgeralatlaw.com